[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marian Tufano, commenced this action by complaint dated July 1, 1991 claiming a legal separation, alimony, equitable distribution of the marital real and personal property and any other relief the court deems proper.
On October 15, 1991, the plaintiff requested leave to amend her complaint now seeking a dissolution of marriage in lieu of a legal separation. CT Page 6060
On December 4, 1991 the Plaintiff claimed the matter for the trial list.
The trial was held on May 29, 1992 at which time both parties were present and represented by counsel and the Plaintiff proceeded on the complaint.
An examination of the file reflects that on January 13, 1992 the Court, Spallone, J., granted a motion for alimony pendente lite whereby the Defendant was to pay real estate taxes, insurance, utilities including telephone and heat on both properties and in addition thereto the Plaintiff to draw $150.00 per week from the Defendant's share of approximately $11,000.00 resulting from a joint certificate of deposit.
The Court finds the following facts as proven.
1. The Plaintiff, Marion Tufano, whose maiden name was Marion Saraceno, and the Defendant, John Tufano, intermarried on November 10, 1976 at East Hartford, Connecticut.
2. The Plaintiff and the Defendant have each resided continuously within the State of Connecticut for at least one year next preceding the date of the filing of the Complaint.
3. The Plaintiff and the Defendant have no minor children issue of this marriage.
4. The marriage between the parties has broken down irretrievably without reasonable prospect for reconciliation.
5. The Plaintiff and the Defendant have continued to reside under the same roof since initiation of the complaint.
6. Neither the Plaintiff nor the Defendant receive any public assistance nor have either in the past.
7. The Plaintiff is age 65 and this union is her second marriage. The Plaintiff has been a homemaker since the marriage on November 10, 1976.
The Plaintiff's first marriage to William Schine ended in divorce. Plaintiff first met Defendant in 1956 or 1957. CT Page 6061
Plaintiff had a son David born January 19, 1960 which child was adopted by Defendant in 1989.
Plaintiff, prior to this marriage, had been employed as a switch board operator for Connecticut State College.
Plaintiff had substantially completed a nursing program at Hartford Hospital when she married the Defendant.
Both the Plaintiff and the Defendant each have grown adult children issue their respective first marriages.
8. At the time of this marriage (1976) Plaintiff had assets of nine or thousand dollars plus miscellaneous jewelry plus a piece of commercial property received from her first husband which Plaintiff sold in due course for $100,000.00
Plaintiff invested the proceeds and in due course gave away to her children, issue of her first marriage all of the proceeds of said sale, $31,000.00 plus or minus to each.
Total gifts $100,000.00 plus.
9. In 1978 Plaintiff and Defendant moved to 440 Seaside Avenue, Westbrook, at that time just a summer residence. Said premises were renovated by the joint efforts of the parties.
10. In 1979 title to 440 and 442 Seaside Avenue, Westbrook was established jointly between Plaintiff and Defendant with right of survivorship. See Plaintiff's exhibits A and B.
11. A new residence was built on 442 Seaside Avenue and the adjacent premises rented out for summer tenants. Plaintiff was in charge of rentals and turned the proceeds over to the Defendant.
12. For the past seven or eight years of the marriage the parties would spend the major portion of the winter in Florida.
13. The Plaintiff's health is good.
14. The Defendant is age 85.
The Defendant, as observed by the Court, has a CT Page 6062 marked hearing impairment, otherwise his health appears adequate.
The Defendant has been retired since 1969. He had formerly been an automobile dealer in New Britain.
Defendant has our children issue of his first marriage. Plaintiff has three children issue of her first marriage.
In 1989 when the Defendant adopted Plaintiff's son David, Defendant gave him $48,000.00. Defendant assisted this young man also by paying $10,000.00 in legal fees involving a serious case.
Defendant at about this time (1989) gave each of his children $20,000.00.
15. Defendant has owned a variety of parcels of property over the years, most of which have been sold.
In 1982 Defendant gave a parcel of property to Saint Anns Church.
Defendant has always paid all bills and charges.
16. Within the last several years the Defendant, being concerned over bank failures, placed $22,000.00 in cash in the basement of the home of the parties.
The Plaintiff took said monies without notice to the Defendant shortly before the initiation of the present proceedings and put said monies in a safety deposit box in her name as well as all securities belonging to the Defendant.
17. The Plaintiff made disparaging remarks and comments to the Defendant as concerns his children, indicating they were "no good". This conduct resulted in arguments between the parties.
At the time of disposing of her principal assets to her children, Plaintiff made no disclosure to the Defendant of this conduct.
18. The Plaintiff became anxious and concerned, when she learned of some of the transfers and gifts made by the Defendant to his children and feared for her financial well being in the future. CT Page 6063
19. The Defendant transfers or gifts never seriously imperiled the financial stability of the parties.
20. In 1990 Defendant transferred certain premises located on Mill Street in New Britain to his children reserving a life estate.
In 1991 Defendant transferred his interest in 440 and 441 Seaside Avenue, Westbrook to his children reserving a life estate thereby terminating the joint tenancy with Plaintiff which was with right of survivorship.
21. Certain test was presented to the Court claiming inaccuracy or non disclosure of assets by Defendant as to his 1976 divorce from his first wife but due to Plaintiff's age, hearing impairment and the rambling nature of some of his responses, this evidence would have better come from some other source in order for the court to give it any credit.
22. The Plaintiff and Defendant have not shared the same bed for over three years nor has the Plaintiff done any cooking or other ongoing household duties for the Defendant.
23. The parties stipulated that values as to the premises known as 440/442 Seaside Avenue are as follows.
A. 440 Seaside Avenue $225,000.00
B. 442 Seaside Avenue 365,000.00
At the time of the marriage the title to the above premises was solely in Defendant's name.
24. Due to Plaintiff's critical attitude to his children (issue of first marriage) Defendant "decided to do something for them before he died".
25. Defendant acknowledges an additional $17,000.00 in Florida not shown on his financial affidavit.
Due to the previously expressed concerns of the Court as to his age, hearing and memory accuracy, the Court does not consider this non disclosure wilful.
26. Mistrust, dissent and arguments developed between the Plaintiff and Defendant over finances. CT Page 6064
27. The Court finds that the fault for the breakdown of the marriage should not be attributed to a greater extent to either the Plaintiff or the Defendant.
28. The Defendant offered a professional appraisal of the Westbrook real estate, which supports the stipulated real estate valuations.
29. The Court was not provided with any income tax returns. The Court was not provided with any mortality table nor asked to judicially notice the remaining life expectancy of the Defendant as concerns the value of the reserved life estates in the Westbrook or New Britain properties.
30. According to her financial affidavit the Plaintiff's weekly income is $243.00, the Defendant's $707.67.
After reviewing all of the facts found, the evidence presented and the statutory criteria set forth in Conn. General Statutes Secs. 46b-81 (a)(b)(c) and 46b-82
the Court enters the following orders.
1. Decree of Dissolution.
A decree of dissolution may enter on the ground of irretrievable breakdown.
2. Plaintiff may retain all bank accounts, stocks and personal property shown on her financial affidavit, to wit:
 Antique jewelry Antique tables and furniture C.B.T. savings account New England Savings — checking account New England Savings — C. D.'s
Totaling — $23,350.00
 Stocks Centerbank Waterbury — 500 shares Eaton Vance — 400 shares
Totaling — $5,162.00
1976 Chrysler — no value shown
Plaintiff may retain her 1/2 interest in the real estate known as: CT Page 6065
442 Seaside Avenue valued at $182,500.00
440 Seaside Avenue valued at $112,500.00
Plaintiff shall be responsible for her one half share of any ongoing charges for real estate taxes, insurance and maintenance of the above noted real estate.
Plaintiff and Defendant shall divide equally such funds as remain of the $22,000.00 taken by Plaintiff from the basement of their residence.
Defendant shall pay the Plaintiff the sum of $40,000.00 from the account of the Maritime Bank in Essex.
Defendant shall set over to Plaintiff securities to a value of $70,000.00 from the list shown on Defendant's affidavit.
Defendant shall pay the sum of $10,000.00 toward Plaintiff's counsel fees.
The Plaintiff's affidavit shows no debts other than counsel fees which in the main the Court has already considered.
Defendant may retain his interest in 440 Seaside Avenue valued at $112,500.00.
Defendant may retain the life estates reserved in 442 Seaside Avenue, Westbrook and Mill Street, New Britain. Values undetermined
Except for the foregoing orders the Defendant may retain whatever funds remain in the bank accounts and securities.
Defendant may retain the 1984 Chrysler motor vehicle, the antique auto and antique guns shown on his financial affidavit.
No request's have been made of the Court as concerns life insurance shown on Defendant's financial affidavit and no orders are entered incident thereto.
Defendant to pay plaintiff periodic alimony of $200.00 per week for a term of three years only. Said alimony shall terminate on the orderly expiration of three years, Plaintiff's earlier death, remarriage or cohabitation CT Page 6066 with a non related adult male.
Plaintiff's counsel urges upon the Court consideration of a relationship of 30 years between the parties while the marriage was only of 14 1/2 years duration.
The Court declines to do so.
The Court has endeavoured to carefully weigh the testimony of the parties a to candor and credibility.
It is so ordered.
AUSTIN, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk